IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA SIMONDS, an individual, and MATTHEW SIMONDS, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF ALLEGHENY and ANGHARAD STOCK, in her individual and official capacities,<br><br>    Defendants. | No. 2:21-cv-1118 |

## **MEMORANDUM ORDER**

Presently before the Court is Defendant Angharad Stock's motion to dismiss Plaintiffs' amended complaint. ECF 21. After careful consideration, the Court grants the motion and dismisses Plaintiffs' amended complaint, with prejudice.

The Court previously granted Defendants' motions to dismiss Plaintiffs' original complaint. In that order, the Court dismissed all "claims against Allegheny County with prejudice, dismisse[d] the official-capacity claims against [Ms.] Stock with prejudice, and dismisse[d] the individual-capacity claims against Ms. Stock without prejudice." ECF 19, p. 1. Plaintiffs filed an amended complaint asserting one claim: a Fifth Amendment Takings claim against Ms. Stock in her individual capacity.[1] ECF 20. But as the Court ruled in Plaintiffs' companion case at No. 2:21-cv-841, "a Fifth Amendment Takings claim cannot be brought against the Individual-Capacity [Defendant] in [her] personal capacit[y]." *United States v. Sandwich Isles Commc'ns*, No. 18-145, 2019 WL 4017233, at *5 (D. Haw. Aug. 26, 2019). "The very nature of a taking is that a public entity is taking private property for a public

---

[1] Because of the Court's prior order, Plaintiffs could only bring this claim against Ms. Stock in her individual capacity, no matter how the amended complaint's caption may be styled.

purpose, and must provide just compensation in return." *Bridge Aina Le'a LLC v. Hawaii Land Use Comm'n*, 125 F. Supp. 3d 1051, 1078 (D. Haw. 2015). "This concept is antithetical to the notion that someone acting in an individual capacity has taken property or could be personally liable for a taking." *Marina Point Dev. Assocs. v. Cnty. of San Bernardino*, No. 19-964, 2020 WL 2375221, at * 3 (C.D. Cal. Feb. 19, 2020) (cleaned up).

The Court will not grant Plaintiffs leave to amend a second time. Given the basis for the Court's decision here, Plaintiffs could not allege additional facts that would allow them to assert a Fifth Amendment Takings claim against Ms. Stock in her individual capacity, as the Court's basis for dismissal here is purely legal and further pleading cannot cure Plaintiffs' legal defect  *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

\* \* \*

**AND NOW**, this **20th day of October, 2022**, it is hereby **ORDERED** that Ms. Stock's motion to dismiss (ECF 21) is **GRANTED** and the amended complaint is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to mark this case as **CLOSED**.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge